206                    June 4, 2025                    No. 524

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. P. N. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. U.,
*Appellant.*

Polk County Circuit Court
23JU00969; A185938 (Control)

In the Matter of A. L. W. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. U.,
*Appellant.*

Polk County Circuit Court
23JU00970; A185939

Rafael A. Caso, Judge.

Argued and submitted April 30, 2025.

George W. Kelly argued the cause and filed the brief for appellant.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Mother appeals judgments terminating her parental rights to two of her children, AL and AP. In four assignments of error, mother contends that the juvenile court erred in finding that she knew about and aided father's sexual abuse of her stepchild, M, in determining that she was unfit to parent AL and AP, and in concluding that it would be in AL's and AP's best interests to terminate mother's parental rights. We review *de novo*, ORS 19.415(3)(a), ORS 419A.200(6), and affirm.[1]

A parent's rights can be terminated when a court finds by clear and convincing evidence that the parent is "unfit by reason of conduct or condition seriously detrimental to the child," that "integration of the child * * * into the home * * * is improbable within a reasonable time due to conduct or conditions not likely to change[,]" and that termination is in the "best interests" of the child. ORS 419B.500(1); ORS 419B.504; ORS 419B.521(1); *State ex rel SOSCF v. Stillman*, 333 Or 135, 144-46, 36 P3d 490 (2001). "Evidence is clear and convincing when it makes the existence of a fact highly probable or when it is of extraordinary persuasiveness." *Dept. of Human Services v. R. K.*, 271 Or App 83, 88, 351 P3d 68, *rev den*, 357 Or 640 (2015) (internal quotation marks omitted).

In her first assignment of error, mother argues that the juvenile court erred in finding that she knew about and aided father's sexual abuse of M. But mother reported father's sexual abuse of M to police in April 2018, and, at the termination of parental rights (TPR) trial, M testified that mother knew about father's sexual abuse. The detailed nature of mother's report to the police supports its veracity. At the TPR trial, mother testified that her report to the police was false, but her account of why she lied to the police is implausible. In addition, the juvenile court found that mother's testimony was not credible, and that some of M's testimony about sexual abuse was corroborated and credible. Even on *de novo* review, we give "considerable weight"

---

[1] Also decided today is *Dept. of Human Services v. M. D. M.*, 341 Or App 201, (Jun 4, 2025), in which we affirm judgments terminating father's parental rights to the same two children.

to demeanor-based credibility findings, because the juvenile court judge "had the opportunity to observe the witnesses and their demeanor in evaluating the credibility of their testimony." *Dept. of Human Services v. T. L. B.*, 294 Or App 514, 516, 432 P3d 343 (2018), *rev den*, 365 Or 556 (2019) (internal quotation marks omitted). Having reviewed the record *de novo* and giving due weight to the juvenile court's demeanor-based credibility findings, we reject mother's first assignment of error.

In her second and third assignments, mother argues that the juvenile court erred in determining that she was unfit to care for AL and AP because she has kept father away from the farm for six years, she intends to continue doing so, and her other children will ensure that father has no contact with AL and AP. However, at the time of the TPR trial, mother was pregnant with her seventh child, and she acknowledged that father was the father. Reviewing the record *de novo*, it shows that mother is unable or unwilling to understand that father is a danger to the children. In addition, mother has not participated in services since 2021, she remains married to and dependent on father, and we are not persuaded that the parties' adult children would protect AL and AP from contact with father. We therefore reject mother's second and third assignments of error.

In mother's fourth assignment, she argues that the juvenile court erred in ruling that termination of parental rights is in the children's best interests. We disagree. That determination is a "child-focused inquiry" that requires the court "to determine, from the evidence presented in the termination proceeding, whether termination is in the child's best interest." *Dept. of Human Services v. M. H.*, 306 Or App 150, 162, 473 P3d 1152 (2020) (internal quotation marks omitted). Here, by the time of the TPR trial, AL and AP had been living with the resource family for over six-and-a-half years, and they were attached to the resource family who wanted to adopt them. During that same time, mother has not changed her way of thinking, and the record indicates that she did not understand AL's and AP's medical and emotional needs. More importantly, she was unable or unwilling to appreciate that father remained a threat to the children.

To the extent mother argues in her fourth assignment of error that the juvenile court should have ordered a permanent guardianship, our review of the record persuades us that it is not an acceptable alternative to termination of mother's parental rights, and that the benefits of allowing these two children to be adopted by their long-term caregivers outweigh any risk of harm, including loss of or less exposure to Akha culture. We agree with the juvenile court that it is in the best interests of AL and AP that mother's parental rights be terminated and that the children be freed for adoption.

Affirmed.