No. 523          June 4, 2025          201

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. P. N. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. D. M.,
*Appellant.*

Polk County Circuit Court
23JU00971; A185936 (Control)

In the Matter of A. L. W. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. D. M.,
*Appellant.*

Polk County Circuit Court
23JU00972; A185937

Rafael A. Caso, Judge.

Submitted April 30, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Father appeals judgments terminating his parental rights to two of his children, AL and AP. On appeal, father asserts that the juvenile court erred in terminating his parental rights, because it "erred in ruling that terminating father's parental rights was in [AL's and AP's] best interest."[1] On *de novo* review, ORS 19.415(3)(a), ORS 419A.200(6), we affirm.[2]

At the outset, we note that, in conducting our *de novo* review, we have given "considerable weight" to the demeanor-based credibility findings of the juvenile court, because the juvenile court judge "had the opportunity to observe the witnesses and their demeanor in evaluating the credibility of their testimony." *Dept. of Human Services v. T. L. B.*, 294 Or App 514, 516, 432 P3d 343 (2018), *rev den*, 365 Or 556 (2019) (internal quotation marks omitted).

A parent's rights can be terminated when a court finds by clear and convincing evidence that the parent is "unfit by reason of a single or recurrent incident of extreme conduct toward any child" and that termination is in the "best interests" of the child. ORS 419B.500(1); ORS 419B.503; ORS 419B.521(1); *State ex rel SOSCF v. Stillman*, 333 Or 135, 144, 36 P3d 490 (2001). "Evidence is clear and convincing when it makes the existence of a fact highly probable or when it is of extraordinary persuasiveness." *Dept. of Human Services v. R. K.*, 271 Or App 83, 88, 351 P3d 68, *rev den*, 357 Or 640 (2015) (internal quotation marks omitted).

On appeal, father does not challenge the juvenile court's determination that he is "unfit by reason of extreme conduct toward a child," namely, that he "subjected two of his [other] children to sexual contact when each was under the age of 14 years old" and that that contact with the other children constituted "rape and at a minimum sexual abuse."

---

[1] Father also asserts that the juvenile court erred in "applying the incorrect legal test by shifting the burden to parents to prove that terminating their parental rights was not in [AL's and [AP's] best interest." Having reviewed the juvenile court's ruling, we reject that contention.

[2] Also decided today is *Dept. of Human Services v. M. U.*, ___ Or App ___ (June 4, 2025), in which we affirm judgments terminating mother's parental rights to the same two children.

But, as noted above, father does challenge the juvenile court's best interest determination. The best interest inquiry is a "child-focused inquiry" that requires the court "to determine, from the evidence presented in the termination proceeding, whether termination is in the child's best interest." *Dept. of Human Services v. M. H.*, 306 Or App 150, 162, 473 P3d 1152 (2020) (internal quotation marks omitted).

Specifically, on appeal, father argues that "this court should conclude that given the children's bond to their family members and, through them, their connection to their unique cultural background, the department failed to prove that the benefit to the children of terminating parents' parental rights outweighed the magnitude of the loss that they would incur as a result." In advancing that argument, father asserts that the juvenile court "ignored the possibility of providing the children 'permanency' and 'finality' through a permanent guardianship with [AL's] and [AP's] adult siblings."

The state responds that it was in AL's and AP's best interest to free them for adoption, noting, among other points, "that they had been in care for over six-and-a-half years at the time of trial," that they are "securely attached to the resource parents" who wish to adopt them, and that "father has not engaged in any services during the course of this case and has not resolved any of the issues that led to the children's removal." Indeed, the state asserts that testimony reflects that father "has not done any services to ameliorate the safety threats" that he poses. Further, the state argues that "a permanent guardianship is not appropriate because father's behavior indicates that he will interfere with a guardianship."[3]

We have considered father's arguments and reviewed the record. After taking into account the circumstances of this case, including the children's needs and attachments, their relationships with the resource family, and father's conduct, we agree with the juvenile court that it

---

[3] The state also asserts that father "waived or failed to preserve an argument that the court should have ordered a permanent guardianship instead" of terminating his parental rights. For purposes of our analysis, we assume that father's argument regarding permanent guardianship is neither waived nor unpreserved.

is in AL's and AP's best interest that father's parental rights be terminated and that AL and AP be freed for adoption.

In reaching that conclusion, we have given serious consideration to father's arguments relating to the significant cultural issues presented by this case and what the juvenile court aptly termed the "the breadth of potential loss these children could experience" as a result of parental rights being terminated. *See Dept. of Human Services v. M. C. C.*, 332 Or App 565, 569, 549 P3d 1280, *rev den*, 372 Or 787 (2024) (recognizing "the potential role of a biological parent in passing along important aspects of cultural identity"). But after balancing the "children's interest in maintaining a legal connection to father and the children's interest in being freed for adoption in the context of" this case, we determine that "the balance in these specific circumstances weighs in favor of termination." *Dept. of Human Services v. L. P.*, 332 Or App 659, 662, 550 P3d 466, *rev den,* 372 Or 787 (2024) (internal quotation marks omitted).

Affirmed.